UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,       Case No. 1:06-cr-245-2

v.      HON. JANET T. NEFF

WILLIAM SERRANO DOMENECH,

    Defendant-Movant.
_____/

**MEMORANDUM OPINION**

This matter is before the Court on Defendant William Serrano Domenech's pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt 233), which the government has moved to dismiss as substantively non-compliant with the RULES GOVERNING SECTION 2255 PROCEEDINGS (Dkt 241). For the reasons that follow, the Court grants the government's Motion to Dismiss (Dkt 241) and dismisses Defendant's § 2255 motion (Dkt 233).

**I. BACKGROUND**

Defendant and his brother, Alejandro Serrano Domenech, were charged in a six-count Superseding Indictment with crimes related to firearms, drug trafficking and possession of counterfeit federal reserve notes. The jury returned a guilty verdict on all counts (Dkts 1149-152). On February 11, 2008, this Court sentenced Defendant to 234 months of imprisonment, five years of supervised release, and a fine of $3,160.00 (Minutes, Dkt 176). The Court entered its Judgment on February 20, 2008 (Dkt 185), and Defendant timely filed a notice of appeal that same day (Dkt 188). After initially reversing the Judgment, the Sixth Circuit Court of Appeals vacated its decision and affirmed this Court's Judgment on July 12, 2011 (Am. Op., Dkt 205). *United States v.*

*Domenech*, Nos. 08–1220, 08–1221, 430 F. App'x 392 (2011). The United States Supreme Court subsequently denied Defendant's petition for a writ of certiorari (Dkt 208). *William Domenech v. United States*, ___ U.S. ___; 132 S. Ct. 1122 (2012).

On January 28, 2013, Defendant filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt 233). On January 31, 2013, Defendant moved for an extension of time during which to file a "memorandum of law, points and authorities" in support of his § 2255 motion (Dkt 235). On February 4, 2013, this Court granted Defendant's motion, providing him with an additional 60 days to submit his pleading and noting that additional requests for delay would not be favored (Dkt 236). On April 5, 2013, Defendant filed a request for additional delay (Dkt 239), which this Court denied on April 9, 2013 (Dkt 240). On May 23, 2013, the government filed its Motion to Dismiss (Dkt 241). Defendant has not, to date, filed a response to the government's Motion to Dismiss.

## II. DISCUSSION

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

Rule 2(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS instructs that "[t]he motion must (1) specify all the grounds for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Rule 2(c) further provides that a § 2255 motion "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."

As evidenced by his promise of a supporting memorandum, Defendant's current § 2255 submission contains only a bare assertion that he wishes to raise an ineffective assistance of counsel issue, a submission that does not conform to the requirements of filing a § 2255 motion. *See, e.g., Johnson v. United States*, 457 F. App'x 462, 466-67 (6th Cir. 2012) (opining that the defendant's "letter undoubtedly was not filed in the form of a § 2255 motion because it specified no grounds for relief, offered no facts to support any ground for relief, and asked only about the deadline for filing a § 2255 motion so as to prevent [Johnson] from missing out on the opportunity to file one"). Defendant's § 2255 motion does not state facts or request any relief, let alone raise any argument to which the government could respond or this Court could resolve. As the government opines, "Domenech asked this Court to review his case under § 2255 based on nothing more than his naked assertions that his trial and appellate lawyers did not do their jobs" (Dkt 241 at 5). Despite having been given additional time to assert facts and offer legal arguments on the purported ineffective assistance of his attorneys, Defendant failed to submit either. Accordingly, the Court agrees with the government that Defendant's § 2255 motion is therefore properly dismissed.

Inasmuch as Defendant's § 2255 motion is being dismissed on procedural grounds because he failed to provide the essential factual allegations on which his ineffective assistance claims must

3

rise or fall, no evidentiary hearing is required by 28 U.S.C. § 2255(b) to resolve the merits of the pending motion. *See, e.g., Gardner v. United States*, No. 97-5469, 178 F.3d 1294, at *3-4 (6th Cir. 1999) (affirming the district court's decision to dismiss the defendant's § 2255 motion for failure to comply with the court's Order to Amend).

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the Court must assess whether to grant the issuance of a certificate of appealability (COA) to Defendant. RULES GOVERNING § 2255 CASES, Rule 11. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, the Court determines that this standard is not met because reasonable jurists could not find it debatable whether Defendant's motion should be dismissed on the ground that it is substantively non-compliant with the RULES GOVERNING SECTION 2255 PROCEEDINGS. As such, a certificate of appealability will be denied.

## IV.  CONCLUSION

For the foregoing reasons, the government's Motion to Dismiss (Dkt 241) is GRANTED, and Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt 233) is dismissed with prejudice.

An Order of Dismissal consistent with this Opinion will enter.


DATED: July 24, 2013                    /s/ Janet T. Neff
                                        JANET T. NEFF
                                        United States District Judge